number 08-2775 and we have Mr. Miller, Ms. Hale and Mr. Fazzano. Actually it probably isn't Corzine anymore either. It should be changed to Christie. May it please the court, I'm Don B. Miller for the appellant Stockbridge-Munsee community. I would like to reserve three minutes for rebuttal. So life really changed in terms of your arguments between your opening brief and your reply brief. That's an understatement. Kind of a tectonic shift. I remember one time I was with one of my former partners when I was an associate and I was telling him how he was wrong. And I said, just look here, look what you did five years ago. And he goes, the state of the art has changed. So I guess the state of the art has changed now? We're hoping it's better late than never, Your Honor. We think we have it figured out now. We certainly had one take on the case. But after reading the state's briefs and doing the research, then essentially what you want to do is live to fight another day. Well, that's absolutely right. Although I mean, I think we live to fight another day either way. But then there's no real harm here. Why are we reviewing the Rule 19 decision? Well, how are you adversely affected if you really can live to fight another day? How do we have jurisdiction, appellate jurisdiction, that basically you won? Well, you have prudential. We have prudential standing, we believe. And you have jurisdiction because the judgment of the district court is a two-part judgment. One part, the ruling against Stockbridge actually appears in the court's judgment. And the state's very clearly that in that case a prevailing party will have prudential standing to and the court will have jurisdiction as the Supreme Court later explained in deposit guarantee v. Roper. You do have standing to review an appeal by a prevailing party as long as that party retains some stake in the – So the test is you need a personal stake in the outcome even though you were the prevailing party. And how do you use electrical fittings, deposit guarantee in our case in 1993? Well, Heldorff is a case where the ruling did not appear in the judgment itself but appeared in the opinion. And – but in all of those cases, the prevailing party would not have been bound in future litigation. But in Heldorff, for example, the wrong, if you will, that needed to be corrected was the fact that an ultra-virus opinion had been issued. And that in and of itself gave prudential standing. The – I mean, we were – But if, for example, the court here did an incredibly good job of going back in the history, did a very comprehensive analysis of standing, and then said, by the way – I'm sorry, of Rule 19, excuse me, and then said, by the way, I don't think there's standing for the plaintiff. And your point is that, okay, they should have dealt with standing first, and if – and you never get to our point. If they should have dealt with standing first and they've decided your way on standing, then that opinion relating to Rule 19 is certainly dicta, at best, its advisory. It doesn't – it doesn't have any precedential effect whatsoever. So the question then becomes, why should we even deal with it on appeal if you've won, and you can argue in any court that anything that the district court said here is an opinion without any effect whatsoever? Well, initially, we don't believe that we should face an uphill battle, even more of an uphill battle. Yeah, but he's saying it's not an uphill battle. It's an easy win because you can demonstrate to the next district court when you bring your own independent lawsuit that what the judge did is a nullity. Well, there – yes, we believe we could demonstrate that. Then why do we need to be deciding anything here in this case where the original plaintiff and what I'll call the principal appellant has now collapsed and dropped his appeal? So you don't seem to have much harm, and the lawsuit is gone forever regardless of anything we might do. Your Honor, there's a – there is a very real possibility that Stockbridge would not choose to answer in interest and could not establish a prima facie case, could have a very detrimental effect. How? How would that work? How would it play out? Well, in the – in the political arena, if Stockbridge chooses to deal with the state of New York, there's some kind of resolution. The final resolution is then going to go to Congress, and that's – You're not concerned about collateral estoppel. You're concerned about language that's out there that might be a referent to someone. I'm concerned about a practical effect of this opinion, and we're also – if you were to bring a separate, subsequent, independent lawsuit. The statement is a nullity. It has no force and effect. It's a matter of law. Yeah, I mean, the point is you don't have to worry about practical effect. You don't have to worry about the adjective. It ain't got no effect. Well, it could have practical effect, and that's – that's what we're concerned. It could have stare decisis effect in future. There's – really, there's no doubt that it has no stare decisis effect. I mean, I can't erase the opinion. I mean, somebody could always look at it. If the issue of whether your client is the successor here, they're going to look at this for what it's worth, and I can't stop that. But it's – it's without any precedential effect whatsoever. And so the question then becomes, for purposes of this appeal, do you really still have a stake in the outcome? Absolutely, Your Honor. A vacater has been found to be proper when there is some possibility that the – that the opinion – the non-reviewable opinion, which should not be, of course, cited as precedent because it couldn't be reviewed, but there's some very real possibility that it would be cited as precedent in the future, and we have some good indications, as I think we've shown in our – But what – let's put it – let's go to the next – let's say we agree with you. What more can we do? I mean, we can vacate that portion of the opinion, okay? I think – and that's all we're asking the court to do. I mean, this case is just about done, and because of the way that the district court approached it, it just needs to be cleaned up, and that's what we're asking you to do, clean it up and put it to bed. Mr. Miller, we, in kind of an amusing way, commented on the dramatic shift from the blue brief to the reply brief at the beginning of this argument. But, query, why didn't you raise this argument in your opening brief? You could have. I'll take the rap for that, Your Honor. I – it was not clear to me at the time that courts review judgments rather than opinions. It was not completely clear to me that each appeal – that there was no joinder as a result of the possible – and there would be no joinder as a possible result of the consolidation, that each appeal would have to stand on its own merits. I looked at what the district court did, and it purported to engage in a Rule 19 analysis initially, which is what we had said it should do. But I think the question is, I mean, in the context of, say, forum nonconvenience, I mean, there's a theoretical argument that you cannot decide forum nonconvenience – that is, you're in the wrong forum parties – if you don't have standing, if the court doesn't have standing, if the court has said, as a practical matter, you can descend the case elsewhere without having – without deciding standing. So I could see in your situation, you might say, okay, there's this possibility that the – there's – Rule 19 may stand. But isn't your first argument that because the court decided there is no standing, that you should vacate? And then your second argument would be the fallback, that if you'd think differently, then you should reverse with respect to Rule 19. Wasn't that the way it should have proceeded? I believe so, Your Honor. Okay. And we – faced with that realization, we didn't know what else to do but to just say, you know, we believe that the – that this case is – and just come forward and deal with it as best we can. But the – Well, at this point, why don't we hear from the State of New Jersey? Did you reserve time for rebuttals? I did. Three minutes, Your Honor. Thank you. Thank you. Ms. Hale. Good morning, Your Honors. Ellen Hale, Deputy Attorney General for the State Defendants. What's your strongest argument for why Stockbridge lacks appellate standing to bring this appeal? I mean, they really still do have a dog in the fight. Yes, Your Honor. Actually, in light of the fact that they have conceded that they're not here to have you rule on the merits, and the State's very limited role in the – What – does New Jersey have a dog in the fight? That was the question I wanted to ask at the outset. But my colleague here stole my metaphor. Well, the State is taking no position with regards to reforming the judgment and the opinion. We can fight this another day if it comes back, and we have a lot of defenses. So we're – in light of the fact that we have conceded most of the case, if not all, we don't take a position. So you don't have a problem with them arguing – having appellate standing before us as far as you're concerned? Because they agree on the point pertaining to the merits standing decision with respect to the district court? That is correct. Okay. Thank you. Thank you. Mr. Fasano. Judge Smith noted a question as to the collateral estoppel effect. And quite honestly, this is why we'd like to see the opinion affirmed. We would like to see a collateral estoppel effect. We would like to see the very thing. How are you going to get collateral estoppel effect from – if you don't have standing, how do you get the merits? I mean, that's sort of – that's 101. Well, I think – you know, my guess is what happened here. Judge Rodriguez did such a – he delved into the history of this so deeply. And it's sort of like – It's a beautiful opinion. It's an incredibly well-done opinion. And it's like, I've got all this good work, doggone it, I've got to make sure it gets out there, and then I'll deal with standing. And I think I might – I've been tempted to do the same thing. But if you don't have standing, there's nothing to deal with on Rule 19. If at the initial hearing, when the intervention issue was addressed, the judge had said, there's no case here, wouldn't that have had a collateral estoppel effect? In other words, had he prevented them from intervening? How could it? You have collateral estoppel, you have to have a judgment. And if it was vacated, there is no judgment. Would not it have ruled, in essence, that they have shown no interest? Would not it have been a finding that they have shown no interest in it? And would not that have been able to be argued? You can only deal with those things that are legitimately before you. And if you don't have standing, therefore you don't have jurisdiction, then you can't deal with anything else on the merits that's before you, including Rule 19, as to whether they should be brought in as a necessary party. Well, it's our feeling that the very thing that the Stockbrook-Muncie fear is the very thing that we would like to see affirmed. I don't know, maybe I'm incorrect, but I would think that if there was indeed a ruling by the court... But if it's vacated, if it's vacated, there is no ruling. If it's vacated, that's correct. But if there was a ruling... And in effect, it sounds like both sides are agreeing that it should be vacated. Well, I don't agree. I don't agree. You don't agree? What are they arguing, then? I'm sorry? I mean, your point is really that, look, from a title insurance point of view, we'd like this thing resolved. But the point is, and to put it to bed, but you have to have jurisdiction to get to the merits. We agree on that, correct? Right. Correct. And if you don't have jurisdiction, if both sides are saying there is no standing, how do you get to the merits that you would like to get to? It's just that it's not going to be today. You mean the standing on the Otolantigo, the original... Correct. Yes, sir. On the original... Yes, sir. Well, the standing, no, for the plaintiffs to... The plaintiffs. Who brought the suit. Right, who brought the suit. Right. I think that up until the time that that case was dismissed against the Otolantigo, there was a valid suit, and the court had the capacity to make rules on it. You're right, up until that time. But we're saying that if they now agree that anything, that standing decision of the district court was correct, there is no standing, therefore there is no jurisdiction, then isn't everything relating to what the court said pertaining to Rule 19 just simply advisory without any precedent whatsoever? I don't know, literally, I have no way that I can think of to get around that. I don't know. If the Otolantigo came back and tried to bring that suit, this would clearly be a collateral estoppel against them. No, no, no, wouldn't collateral estoppel. Somebody would look at the opinion... Be raised to the counter against them. No, you need a judgment, and if the judgment's vacated... I mean, it's back to all the things that we had in law school and civil procedure. In effect, what should have happened here was there should have been a decision, both sides are agreeing, on standing only. Boom, over. And what the court did was it actually initially did a very comprehensive, exceptionally well-done opinion with respect to Rule 19, and also on the merits that you would like to have stand. I don't know of any way to help you. See, but I don't think how the merits and the standing issue can be separated. They're all related to the ability of the person to bring the suit. And in this case, they found that the Otolantigo did not have that at all. It's pretty clear that they are separated. I'm sorry? It's pretty clear that they are separated. I think everyone agrees on that. What authority do you have? I mean, obviously, it's very convenient for the landowners or the state to have this ruling on the Rule 19 motion stand, but the fact that it's convenient or helpful to you is not a legal basis we can use to render a decision. So what's the legal authority that would support what you want us to do? Well, I understand that. But, Judge, I just disagree. I just think that if a decision is made... Is the answer to Judge Michel's question none? No, no. I honestly think that... And maybe I'm missing it. Well, what is it? I mean, name the authority. Your personal opinion or mine for that matter doesn't really matter. Either there is extant authority that supports what you need supported here, or there isn't. If there is, you've got to name it. You can't just kind of say it's out there somewhere, but I can't identify it. That doesn't work. I think, clearly, for instance, as I indicated to Judge Ambrose, and maybe I'm missing it, but if the United Law Institute came back and tried to institute this suit again, they could not. There would be no... No, they could. But somebody could look at what the analysis was done at the court for whatever suggestion it might give to the court, whatever background it might give,  But there is no way that you can go and argue that it's res judicata or collateral estoppel or anything because there will be no judgment that says that. So the predicate for those basically preclusive defensive arguments that you would make will no longer be there. That analysis would say, would it not, that the district court's decision would have no effect upon the Uno Latigo? It has no effect on the Uno Latigo. It has effect only with respect to whether there was standing to begin with. Not appellate standing. Standing, Article 3 standing. Aren't you, in effect, asking us to treat a ruling on a motion as if it's an independent judgment? No. What I'm asking, what I'm saying is that I think that the ruling which predated the actual ruling on the standing of the Uno Latigo was a ruling on facts presented by the court and therefore could have a collateral estoppel effect. What do you mean predated? They were in the same document on the same day. I don't understand the predated idea. Well, let's put it this way. It was prior to the decision on the Uno Latigo. The point is what we're saying to you is we don't know of any way that we can come down in the way that you would like. Much as, in one sense, as a practical matter, we even might want to do so. We just can't do it. So we don't have any further questions. All right. Well, I have nothing further. Thank you. Okay, thank you. And my question to you, Mr. Miller, on rebuttal, do you really need rebuttal? No, Your Honor. Okay. Thank you very much. Thank you for bringing this very, very interesting matter before us. It was, if nothing else, it was great history.